NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

HAROLD PERRY, PETITIONER, v. JACOB TANIS,
RESPONDENT.

For the petitioner, *George R. Vaughan.*

For the respondent, *McCarter & English.*

\*　　\*　　\*　　\*　　\*　　\*　　\*

Petitioner alleges that he sustained an accident arising out of and in the course of his employment with the respondent on December 20th, 1928. He says that at that time he was employed by the respondent as a farm laborer, and that while chopping wood the axe slipped and the petitioner cut his thumb. He alleges a permanent loss of the left thumb. He alleges that because of the said injury he is unable to perform the work in which he was formerly engaged.

Respondent denies that the petitioner received an injury to his said thumb or any injury whatsoever as a result of an accident arising out of and in the course of the petitioner's employment with the respondent, and the respondent denies that there is any permanent injury to the petitioner's left thumb, or any other injury to the petitioner by reason of any accident arising out of and in the course of the employment of the petitioner with the respondent, but the respondent takes all injuries, diseases and any and all other conditions of the petitioner into consideration, including any and all ultimate results of any and all of the various diseases, injuries and conditions of the petitioner, and basing this compromise settlement not only on the petitioner's present con-

dition but on any and all developments in his condition which may be by him or by doctors alleged to be results of his alleged accident, either directly or by way of aggravation, is willing to make a compromise settlement of the entire matter for sixty per cent. loss of the left thumb or thirty-six weeks at $16.25 a week, and for four weeks' temporary disability at $16.25 a week. Respondent and petitioner agree that the counsel fee for the attorney for the petitioner shall be $100, of which the respondent agrees to pay one-half. The petitioner agrees to pay the remaining one-half of the aforesaid counsel fee, and also agrees to pay any and all medical expenses, including a medical bill of $50 to Dr. L. S. Voorhees.

From the testimony and the facts stipulated this compromise settlement is fair to both sides and is approved by this court, upon the distinct understanding of the petitioner and his attorney and the respondent and his attorneys that a fundamental element of this compromise settlement is the fact that any future or further disturbances resulting in an increase of disability to the petitioner are taken into consideration, and are in a large measure the reason for respondent's willingness to agree to this compromise settlement.